IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FOREST D. SOWER** and **TAMRA J. LOEFFLER**, <br><br> Plaintiffs, <br><br> v. <br><br> **ROCKET FINANCIAL INC.; HOME POINT MORTGAGE; FREEDOM MORTGAGE; AFFINIA DEFAULT SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEM;** and **GEORGE W. MEAD**, <br><br> Defendants. | Case No. 3:26-cv-202-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiffs, representing themselves, bring this lawsuit challenging the lending practices, mortgage servicing, and pending foreclosure by Defendants, labeling their actions "predatory" and "unconstitutional." Defendants have not yet appeared. Now before the Court is Plaintiffs' emergency motion to stay the foreclosure of their home, which the Court construes as a motion for a temporary restraining order ("TRO"), seeking to enjoin Defendants from foreclosing on Plaintiffs' house.

PAGE 1 – ORDER

In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking a preliminary injunction must demonstrate that she is likely to succeed on the merits, irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Bates v. Pakseresht*, 146 F.4th 772, 783 (9th Cir. 2025) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Plaintiffs provide no evidence with their motion, little argument, and no legal authority. Plaintiffs simply state in a conclusory fashion that they are likely to succeed on the merits of their case because "[three] different companies claim[] the right to sell" Plaintiffs' property. Plaintiffs similarly conclude that the balance of the equities tips in their favor because staying the sale will allow for a review of the loan documentation and "legal selection of ONE mortgagee." ECF 15 at 2 (emphasis in original). Plaintiffs add that they will suffer the irreparable harm of losing their home if the Court does not grant the motion. Although the Court agrees that the loss of one's home often is enough to show irreparable harm, Plaintiffs' other conclusory statements and assertions without supporting evidence or law are insufficient to support a TRO.

Specifically, Plaintiffs' Complaint offers little clarity on Plaintiffs' claims or support for a finding of likelihood of success on the merits or serious questions. Plaintiffs state that their mortgage was sold to two subsequent companies. This is not an uncommon practice with mortgages and does not mean that all three companies own the mortgage at the same time, nor that Plaintiffs owe all three companies the entire balance of their loan. Plaintiffs also allege "nefarious" banking practices in the United States, beginning in the 1930s. Regarding their

mortgage, Plaintiffs assert that it "was of course prepaid by our Strawman account with the United States Treasury Department. We have already sent a letter to the Treasury instructing them to discharge this debt in full." ECF 1 at 7. Plaintiffs attach that letter to their Complaint.

These allegations bear the hallmark of "sovereign citizen" arguments regarding banking activities since in the 1930s, when the United States went off the gold standard. Since then, some have advanced the theory that the United States Treasury is obligated to pay an individual's personal debts using "strawman" accounts held by the Treasury for the benefit of these individuals. There is, however, no legal basis for these theories. *See, e.g.*, *United States v. Murphy*, 824 F.3d 1197, 1204 n.1 (9th Cir. 2016) (rejecting as "far-fetched" the belief by "sovereign citizens" that they "can access virtually unlimited sums from secret accounts created for them when the United States went off the gold standard in 1933"); *Wright v. Arrendale*, 2025 WL 3041897, at *1 (D. Ariz. Oct. 31, 2025) (rejecting challenge to foreclosure in which the plaintiffs asserted allegations that contained "hallmarks" of sovereign citizen arguments, including complaining that the United States went off the gold standard and "incorporat[ing] a document showing she directed the United States Treasury to pay off a personal debt"). Thus, these allegations by Plaintiffs fail to show that they are likely to succeed on the merits of their claims or even raise serious questions going to the merits.

The Court DENIES Plaintiffs' Emergency Motion to Stay Sale, ECF 15, construed as a motion for temporary restraining order.

**IT IS SO ORDERED.**

DATED this 29th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER